IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREA M. EDRWIN, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 3:09CV679–HEH
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
      Defendant. )

## MEMORANDUM OPINION
(Adopting the Magistrate Judge's Report and Recommendation)

This is an action contesting the denial of Social Security Disability payments by the Commissioner of Social Security. It is presently before the Court on the Report and Recommendation ("R&R") of the magistrate judge concerning the parties' cross motions for summary judgment. For the reasons stated below, the R&R will be adopted, Plaintiff's motion for summary judgment and motion to remand will be denied, Defendant's motion for summary judgment will be granted, and the Commissioner's denial of benefits will be affirmed.

### I.

On September 9, 2005, Andrea Edrwin ("Plaintiff") filed a claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income payments ("SSI"), alleging disability due to depression, panic attacks, asthma, and anemia, with an alleged onset date of February 1, 2002. (R. at 103, 123, 175.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and again upon

reconsideration.[1] (R. at 79-83; 64-73, 549-60.) At her request, Plaintiff's claim was then heard by an Administrative Law Judge ("ALJ").

Following that hearing, on April 10, 2008, the ALJ issued a decision concluding that Plaintiff was not disabled. The ALJ found that based on Plaintiff's age, education, work experience, and residual functional capacity ("RFC")[2], there are jobs she could perform which exist in significant numbers in the national economy. (R. at 34-36.) However, upon review of the ALJ's decision, the Appeals Council remanded the case back to the ALJ for a second administrative hearing. Prior to this second hearing, Plaintiff filed a new SSI claim on July 11, 2008, which the ALJ incorporated into the second hearing. On April 27, 2009, the ALJ denied Plaintiff's applications for the same reasons stated in the previous decision. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's ruling the final decision of the Commissioner, subject to judicial review by this Court.

Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision. Both parties filed motions for summary judgment, which were referred to a magistrate judge for an R&R. The magistrate judge concluded that the ALJ applied the correct legal standards in evaluating the evidence, and that substantial evidence in the record exists to sustain the ALJ's conclusion that Plaintiff is not disabled. Accordingly,

---

[1] Agencies of the state government generally make initial disability determinations. *See* 20 C.F.R. pt. 404, subpt. Q. Subsequent proceedings, including hearings before Administrative Law Judges ("ALJs"), are conducted by personnel of the SSA. *See id.*

[2] RFC is "an assessment of an individuals' ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p, 1996 SSR LEXIS 5, at *1 (July 2, 1996).

the magistrate judge recommended that Plaintiff's motion for summary judgment and motion to remand be denied, the Commissioner's motion for summary judgment be granted, and the final decision of the Commissioner be affirmed.

Plaintiff objected to the R&R, while the Commissioner did not. Plaintiff's objections to the R&R are two-fold: first, the magistrate judge was incorrect in finding that the ALJ properly determined that a consultative psychological evaluation was not necessary; and second, the magistrate judge erred in finding that substantial evidence supported the ALJ's evaluation of Plaintiff's treating psychiatrist.

## II.

The Court reviews *de novo* any part of the Magistrate Judge's Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), the Court must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991), *superseded on other grounds*, 20 C.F.R. § 404.1527. The Court may not, however, weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176. In short, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

### III.

Plaintiff's first objection to the R&R challenges whether the ALJ should have ordered a consultative psychological examination of Plaintiff. Had such an examination been ordered, Plaintiff would have undergone standard testing to determine whether she had any intellectual limitations. Plaintiff argues that the magistrate judge wrongly concluded that substantial evidence exists in the record to support the ALJ's finding that a consultative examination was not necessary. This Court disagrees with Plaintiff.

A consultative examination is appropriate when the claimant's medical sources cannot, or will not, provide sufficient evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1517, 416.917. The decision to order a consultative examination is within the sound discretion of the ALJ. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).

Plaintiff maintains that a consultative examination should have been ordered because she reported that she attended special education classes in school on a September

4

2005 SSA disability report questionnaire. Plaintiff further claims that her inability to maintain a job for any significant period of time also warranted a consultative examination. Additionally, Plaintiff points to an SSA claims interviewer's notes stating that Plaintiff "may have some intellectual limitations due to her special education status," (R. at 174) as evidence that testing should have been ordered. Plaintiff also asserts that her inability to maintain employment for a significant period of time demonstrates an intellectual limitation.

Although Plaintiff did state on the questionnaire that she attended special education classes, she produced no evidence detailing the nature of the classes or verifying her attendance at such classes. (R. at 180.) Moreover, there is no evidence in the record that Plaintiff exhibited any intellectual deficits during her meeting with the claims interviewer. (R. at 174.) Nor has Plaintiff offered any evidence whatsoever to substantiate her claim that her inability to maintain a job for any significant period of time establishes that she has an intellectual limitation.

The magistrate judge correctly noted that neither Laverne Taylor, a psychotherapist and licensed clinical social worker (LCSW), nor Dr. Banerje Koduru, Plaintiff's psychiatrist, ever opined or suggested that Plaintiff had a learning disability or other intellectual limitations that required further testing. (R&R at 15-16.) Furthermore, the record indicates that Plaintiff engaged in a variety of activities that do not support a claim of intellectual limitation, such as caring for her children, preparing meals, driving, managing her finances and paying bills, reading, and attending GED classes. (R. at 21, 118-21, 163-69, 195, 590-91, 600, 610-14.) Lastly, in her application for DIB and SSI

5

benefits, Plaintiff listed depression, panic attacks, asthma, and anemia as the causes of her alleged disability, but did not mention an intellectual limitation, even in part. (R. at 21, 121, 163-65, 175, 195, 206-08, 237-72, 264, 296-99, 366-76, 531-47, 616.)

Thus, the ALJ made a well-reasoned decision not to order a consultative examination. Accordingly, this Court finds that the ALJ's decision in this regard is supported by substantial evidence and was reached by applying the correct legal standard. *Hines*, 453 F.3d at 561. Plaintiff's objection is overruled.

In her second objection, Plaintiff disputes the magistrate judge's finding that substantial evidence in the record supports the ALJ's evaluation of the opinions of Dr. Koduru, Plaintiff's treating psychiatrist. According to Plaintiff, the ALJ should have given Dr. Koduru's opinions controlling weight in ruling on Plaintiff's disability claim.

An ALJ is not bound by the findings of a treating physician if: (1) they are not well-supported by medically accepted clinical and laboratory diagnostic techniques; or (2) they are inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the medical findings are inconsistent either internally or with other evidence in the record, the ALJ must evaluate the findings and assign them respective weight to properly analyze the evidence involved. 20 C.F.R. § 416.927(c)(2), (d).

The magistrate judge correctly found that the ALJ was within his discretion to discount Dr. Koduru's disability opinions because they were inconsistent with Dr. Koduru's own treatment records as well as the treatment notes of LCSW Taylor. Dr. Koduru opined on October 31, 2006 that Plaintiff suffered from major depression and a

6

panic disorder that rendered her unable to work for "greater than 90 days." (R. at 271.) Dr. Koduru thus advised Plaintiff to apply for disability. However, the ALJ found that Dr. Koduru's records indicated that Plaintiff's symptoms had progressively improved with therapy and medication. (R. at 22.) LCSW Taylor's treatment notes also indicate that Plaintiff's symptoms improved over time. (R. at 22.) Furthermore, the ALJ found no evidence of symptoms severe enough to preclude all work activity when compared to Dr. Koduru's treatment notes and Plaintiff's admitted activities. (R. at 22.) The evidence in the record also indicates that Plaintiff possessed an ability to concentrate and pay attention, including working and participating in GED classes, playing card games, reading, and managing her finances. (R. at 22.) Accordingly, the ALJ set forth valid reasons for not assigning Dr. Koduru's opinions controlling weight. Substantial evidence in the record supports the ALJ's decision and Plaintiff's objections are therefore overruled.

## IV.

For the aforementioned reasons, Plaintiff's objections to the R&R are overruled and the R&R will be adopted. Plaintiff's motion for summary judgment and motion to remand will be denied, Defendant's motion for summary judgment will be granted, and the final decision of the Commissioner will be affirmed.

/s/
Henry E. Hudson
United States District Judge

Date: March 23, 2011
Richmond, VA